UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
TRANSFIELD SHIPPING INC.,

                Plaintiff,

      -against-                              09 Civ. 3638 (LAK)

NATIONAL NAVIGATION CO.,

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ELECTRONICALLY FILED
DOC #: _____
FILED #: 5/19/09

**ORDER**

LEWIS A. KAPLAN, *District Judge*.

        Plaintiff brought this maritime action in aid of a London arbitration in which it asserts a claim for breach of a charter party and obtained process of maritime attachment and garnishment pursuant to which it has attached substantial funds belonging to defendant. Defendant has counterclaimed for $3,850.56 and now moves, pursuant to Supp. Adm. Rule E(7)(a), for counter-security in the total amount of $204,774.69 of which $200,000 is attributable to estimate attorneys' and arbitrators' fees "to defend against Plaintiff's claim."

        I assume without deciding that defendant has satisfied the literal requirements of Rule E(7)(a). Nevertheless, the Rule affords district courts "broad discretion in deciding whether to order countersecurity" even where its requirements are satisfied. *Result Shipping Co., Ltd. v. Ferruzzi Trading USA Inc.,* 56 F.3d 394, 399 (2d Cir. 1995). The exercise of that discretion requires consideration of the sometimes conflicting interests in placing the parties on an equal footing in respect of security in relation to claims arising from the same transactions and occurrences and the avoidance of the placement of onerous conditions on a plaintiff that could discourage it from bringing suit. *Id.* at 399-400. It seems to me that requiring the plaintiff to post over $200,000 in security, almost all of it for the cost of *defending* the London arbitration, simply because the defendant has come up with a counterclaim for $3,850.56 would have a chilling effect out of all proportion to any benefit to be achieved in terms of equality of position. After all, if a plaintiff cannot be required to post countersecurity for costs of defending an underlying arbitration where the defendant has no counterclaim at all, it would make little sense to require such countersecurity for such costs simply because the defendant has managed to come up with a counterclaim that is virtually *de minimis*. Accordingly, I exercise my discretion to deny defendant's motion for countersecurity [docket item 7] in all respects.

        SO ORDERED.

Dated:      May 19, 2009

                                                          Lewis A. Kaplan
                                                   United States District Judge