UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
TRANSFIELD SHIPPING INC.,

                Plaintiff,

            -against-                           09 Civ. 3638 (LAK)

NATIONAL NAVIGATION CO.,

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

        Plaintiff commenced this action in aid of a London arbitration it has brought against the defendant and obtained process of maritime attachment and garnishment pursuant to Supp. Adm. R. B. After attaching funds, plaintiff and defendant stipulated to the transfer by the garnishees of the attached funds to the Clerk of the Court, there to abide the determination of the arbitration.

        Subsequently, the Court of Appeals overruled *Winterstorm,* held that Rule B cannot be used – as it was here – to attached electronic funds transfers in the hands of intermediary banks, and then held that its overruling of *Winterstorm* was retroactive. *Shipping Corp. of India Ltd. v. Jaldhi OverseasPte Ltd.,* 585 F.3d 58 (2d Cir. 2009); *Hawknet, Ltd. v. Overseas Shipping Agencies,* 587 F.3d 127, amended, __ F.3d __ (2d Cir. 2009). The Court thereupon issued an order to show cause why the process of maritime attachment and garnishment should not be vacated and the action dismissed.

        Plaintiff argues that defendant's consent to the transfer of the attached funds to the Clerk effectively waived any objection to their attachment and to the Court's *quasi in rem* jurisdiction to the extent thereof. For reasons stated recently by Judge Koeltl, however, I disagree. *HC Trading Intern. Inc. v. Crossbow Cement, SA,* No. 08 Civ. 11237(JGK), 2009 WL 4337628 (S.D.N.Y. Dec. 2, 2009). *Navinord S.A. v. Eastbourne Maritime Ltd.,* No. 09 Civ. 3761 (LAK) (S.D.N.Y. filed Nov. 19, 2009), is not to the contrary. And I am persuaded by Judge Koeltl's ruling in *HC Trading* that *Americas Bulk Transport Ltd. v. Lion Shipholdings d/b/a Lion Shipholdings Liberia,* No, 07 Civ. 3818 (LAK) (S.D.N.Y. filed Nov. 19, 2009), insofar as it is relevant here, is mistaken.

        Accordingly, the process of maritime attachment and garnishment previously issued

2

herein is vacated.  The Clerk shall return the funds deposited with him and the interest earned thereon in the interim to the garnishees from which they were obtained.  The action is dismissed.

SO ORDERED.

Dated:     January 4, 2010

_____
Lewis A. Kaplan
United States District Judge